**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § | **CRIMINAL NO. 2:24-CR-290** |
| **JAVIER FRANCISCO VILLALBA-REYES** | § § § § | |

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the Southern District of Texas, and the defendant, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the indictment. Count One charges Defendant with Possession of a Controlled Substance with the Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, proved to a jury, or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), is not less than 10 years or more than life imprisonment, a fine not to exceed $10 million and community restitution up to the amount of any fine imposed by the Court. Additionally, Defendant may receive a term of supervised release after imprisonment of not less than 5 years. Defendant acknowledges and understands that if Defendant should

violate the conditions of any period of supervised release which may be imposed as part of Defendant's sentence, then Defendant may be imprisoned without credit for time already served on the term of supervised release prior to such violation. Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is Defendant eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status. Defendant understands that if Defendant is not a citizen of the United States, by pleading guilty they may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if Defendant is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that Defendant wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of any assets listed in the charging document (including any Supplemental Notice of Forfeiture) or specified in this agreement. Defendant understands and agrees that the United States may request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

> (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

> (b) If requested by the United States, the Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive their Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

> (c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

3

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in Defendant's possession or under Defendant's control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that Defendant remains bound by the terms of this agreement and cannot, for that reason alone, withdraw their plea.

## Waiver of Appeal, Collateral Review, and Statute of Limitations

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement

(including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

11. The United States agrees to each of the following:

(a) If Defendant pleads guilty to the above-numbered count(s) of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges Defendant is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

12. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15. Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and Defendant's attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on Defendant's behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**Breach of Plea Agreement**

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, or if Defendant commits or attempts to commit any additional crimes, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

17. Defendant understands and agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary

penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

18. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing which may be imposed by the Court and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of any restitution and fines imposed by the Court. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Forfeiture

19. As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, any assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation;

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property); and

(c) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

### Complete Agreement

20. This written plea agreement, including the attached addendum of Defendant and Defendant's attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than

those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against them and that Defendant is pleading guilty freely and voluntarily because defendant is guilty.

21. Any modification of this plea agreement must be in writing and signed by all parties.

_____　　　8/2/24
JAVIER FRANCISCO VILLALBA-REYES　　Date
Defendant

APPROVED:

_____　　　8/2/24
Attorney for Defendant　　Date

ALAMDAR S. HAMDANI
United States Attorney

By: _____　　　7/26/2024
ROBERT D. THORPE JR.　　Date
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. 2:24-CR-290 |
| JAVIER FRANCISCO VILLALBA-REYES | § § § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant their rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____8/2/24_____
Attorney for Defendant                        Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read with my attorney, or my attorney has read and explained

11

to me, every part of this plea agreement. I understand this agreement and I voluntarily agree to its terms.

_____        _____8/2/24_____
Defendant                                                    Date